UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILL A. MAUS,

              Petitioner,

      v.                            Case No. 07-C-896

BILL GREENING,

              Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

On October 5, 2007, Bill A. Maus ("Maus") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) This petition was screened by the Honorable Charles N. Clevert, Jr., in accordance with Rule 4 of the Rules Governing Section 2254 Cases and the respondent was ordered to answer the petition. (Docket No. 4.) Rather than filing an answer, the respondent filed a motion to dismiss the petition. (Docket Nos. 10, 11.) Maus responded with a "Motion to Correct the Record," (Docket No. 14), to which the respondent responded, (Docket No. 15), and Maus filed a "Second Motion to Correct the Record," (Docket No. 17). Judge Clevert denied Maus' motions but stated that these documents would be considered briefs in response to the respondent's motion to dismiss. (Docket No. 18.) This case was subsequently reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket No. 19.)

On August 26, 2008, this court granted the respondent's motion to dismiss, finding that Maus' absolute discharge from the custody of the Department of Corrections was dispositive, and

1

therefore, because Maus was not in custody, Maus was not entitled to relief under 28 U.S.C. § 2254. (Docket No. 20.) Judgment was entered accordingly on September 3, 2008. (Docket No. 21.)

On September 9, 2008, Maus filed a motion for reconsideration, (Docket No. 22), and a motion for the appointment of counsel, (Docket No. 23). In this motion for reconsideration, Maus argues that he falls within the sole exception to the custody requirement, as discussed in Lackawanna County Dis. Atty. v. Coss, 532 U.S. 394 (2001). In Lackawanna, the Court discussed that the custody requirement will not apply to cases where the petitioner's conviction was obtained in violation of the petitioner's right to counsel, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). Lackawanna, 532 U.S. at 404. Specifically, Maus alleges that he was denied his right to counsel when his appellate attorney "abandoned" his appeal.

> Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:
>
>> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.
>
> 56 F.3d at 828.
>
> See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995).

Day v. Hill, 2007 U.S. Dist. LEXIS 48626, 3-5 (N.D. Ind. 2007). "Ultimately, a motion for

reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Brunker v. Schwan's Food Serv., 2006 U.S. Dist. LEXIS 41704, 3 (N.D. Ind. 2006) (quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)). In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004).

The court finds Maus' motion is without merit. Maus has failed to demonstrate that he is entitled to challenge his conviction despite having been released from custody. Maus' allegations regarding the alleged deficiency of his appellate counsel do not rise to the level of the total denial of trial counsel discussed in Gideon. Rather, Maus' alleges that his appellate counsel was ineffective, in violation of, perhaps, Strickland v. Washington, 373 U.S. 83 (1963), or Anders v. California, 386 U.S. 738 (1967). Only the complete denial of trial counsel presents a potential means for a § 2254 petitioner to avoid the custody requirement; an allegation of ineffective assistance of counsel, either trial or appellate, does not permit a petitioner to avoid the custody requirement.

**IT IS THEREFORE ORDERED** that the petitioner's motion for reconsideration, (Docket No. 22), is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel, (Docket No. 23), is **denied as moot**.

Dated at Milwaukee, Wisconsin this 15th day of September 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge